IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| Carl Leon Long, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Number |
| v. | ) | 12-03197-CV-S-JTM |
| | ) | |
| International Recovery Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On April 11, 2012, plaintiff Carl Leon Long ("Long") filed the present lawsuit against International Recovery Systems, Inc. ("IRS, Inc."), alleging that IRS, Inc. violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, in that Long allegedly received telephone calls from representatives, employees and/or agents of IRS, Inc. who were attempting to collect an indebtedness that Long contends was discharged in a prior bankruptcy proceeding. According to Long, IRS, Inc.

    (a)    caused Long's telephone to ring continuously, multiple times per day, with the intent to annoy, abuse and harass him;

    (b)    repeatedly engaged Long in conversation with the intent to annoy, abuse and harass him;

    (c)    falsely represented the character of the debt in telephone conversations with Long; and

    (d)    called Long a "liar" in telephone conversations.

In addition, Long generally alleges that the telephone calls occurred while he was in the Western District of Missouri [Long is a resident of El Dorado Springs, Missouri].

IRS, Inc. is a California corporation that has listed no registered agent with the Missouri Secretary of State for purposes of receiving service of process. MO. REV. STAT. § 351.594(1). Rule 4 of the Federal Rules of Civil Procedure permits service of process in a federal court action to be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). In that regard, Missouri law provides that a foreign corporation with no Missouri registered agent "may be served by registered or certified mail, return receipt requested, addressed to the secretary of the foreign corporation at its principal office shown in its application for a certificate of authority or in its most recent corporate registration report." MO. REV. STAT. § 351.594(2). The parties do not dispute that Long's counsel complied with the mailing requirements of Section 351.594(2) on or about April 17, 2012.

On May 11, 2012, Long applied for entry of a default judgment [Doc. 4], arguing that IRS, Inc. had failed to file any timely responsive pleading. On May 16, 2012, IRS, Inc. made a limited appearance before the Court to file a motion to dismiss for lack of personal jurisdiction, improper venue, and invalid service of process [Doc. 5]. The parties all having consented to Magistrate jurisdiction, the Court takes up the two motions.

The Court will turn first to IRS, Inc.'s motion and, initially, its contention that there is a lack of personal jurisdiction over it in the State of Missouri. Personal jurisdiction over a non-resident defendant requires compliance with both a forum state's long-arm statute and the Due Process Clause of the United States Constitution. *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1090 (8th Cir. 2008). IRS, Inc. argues that its alleged conduct does meet the requirements of the Missouri long-arm statute. IRS, Inc.'s argument is based upon a misreading of the Missouri statutory law. In particular, IRS, Inc. improperly relies upon the Missouri statute requiring a

foreign corporation that transacts business in Missouri to obtain a certificate of authority from the Secretary of State. MO. REV. STAT. § 351.572.1. In fact, the requirement of obtaining such a certificate do not apply to certain activities including "securing or collecting debts" because such activities are deemed not to "constitute transacting business <u>within the meaning of . . . this section</u>." MO. REV. STAT. § 351.572.2(1)-(8) (*emphasis added*). The import of the statute is clear – foreign debt collectors such as IRS, Inc. are not required to obtain a certificate of authority from the Secretary of State. It does <u>not</u> mean, however, that the activity of debt collecting cannot subject a foreign corporation to personal jurisdiction in the State of Missouri.[1] That determination must be made with reference to the Missouri long-arm statute.

In Missouri, because the long-arm statute [MO. REV. STAT. § 506.500.1] confers jurisdiction to the fullest extent permitted by the Due Process Clause, the inquiry into personal jurisdiction over a foreign corporation generally collapses into the single question of whether personal jurisdiction comports with constitutional due process. *Romack USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004). In the Eighth Circuit, courts assess whether personal jurisdiction comports with due process by considering five factors: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the

---

[1] If IRS, Inc's reasoning were accepted, the following activities would be excluded from Missouri's jurisdiction over foreign corporations: maintaining, defending, or settling any proceeding; holding meetings of the board of directors or shareholders or carrying on other activities concerning internal corporate affairs; maintaining bank accounts; maintaining offices or agencies for the transfer, exchange, and registration of the corporation's own securities or maintaining trustees or depositories with respect to those securities; creating or acquiring indebtedness, mortgages, and security interests in real or personal property; securing or collecting debts or enforcing mortgages and security interests in property securing the debts; conducting an isolated transaction that is completed within thirty days and that is not one in the course of repeated transactions of a like nature; and transacting business in interstate commerce. MO. REV. STAT. § 351.572.2(1)-(8). It has long been the rule of American jurisprudence that statutory "terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence." *United States v. Kirby*, 7 Wall. 482, 483, 19 L. Ed. 278 (1868).

3

convenience of the parties." *Miller*, 528 F.3d at 1091. Given the facts presently before the Court, these factors support an exercise of personal jurisdiction.

IRS, Inc. does not dispute that it made calls to Long while he was in the State of Missouri. The phone calls to Missouri, as alleged by Long's complaint, are the very crux of his lawsuit, *i.e.¸* the telephone calls are the alleged wrongdoing. Under these circumstances, a finding of specific jurisdiction[2] does not offend due process.

Further, even if the analysis of personal jurisdiction is limited to the Missouri long-arm statute, the same result is found. Missouri's long-arm statute authorizes the exercise of personal jurisdiction over an entity that transacts business in Missouri when the cause of action arises from such transaction. MO. REV. STAT. § 506.500.1(1). In addition, Missouri's long-arm statute authorizes personal jurisdiction over a defendant who commits a tort within the state. MO. REV. STAT. § 506.500.1(3).[3] Moreover:

> The statute is construed broadly, such that a single transaction can justify jurisdiction if it is the transaction sued upon.

*Singh v. M/S Crompton Greaves Ltd.,* 2011 WL 5833969, op. at *6 (E.D.Mo. Nov.18, 2011). Thus, "if a defendant commits one of the acts specified in the long-arm statute, the statute will be

---

[2] Personal jurisdiction may be specific or general. Specific jurisdiction arises "when a defendant, through its contacts with the forum, purposefully avails itself of the privilege of conducting business in the forum," and the plaintiff's claim "aris[es] out of or relat[es] to the defendant's contacts with the forum." *Pangaea v. Flying Burrito, LLC,* 647 F.3d 741, 745-46 (8th Cir. 2011) (*internal quotation omitted*). *See also Viasystems, Inc. v. EBM–Pabst St. Georgen GmbH & Co., KG,* 646 F.3d 589, 593 (8th Cir. 2011). General jurisdiction exists when a defendant has "'continuous and systematic'" contacts with the forum state so as "to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* — U.S. ——, ——, 131 S.Ct. 2846, 2851 (2011) (*quoting Int'l Shoe Co. v. Washington,* 326 U.S. 310, 317, 66 S.Ct. 154 (1945)).

[3] Moreover, if the tortious act is committed outside of Missouri, the long-arm statute will apply so long as the act "produces actionable consequences" in Missouri. *Noble v. Shawnee Gun Shop, Inc.,* 316 S.W.3d 364, 371 (Mo. Ct. App. 2010) (*citing Capitol Indem. Corp. v. Citizens Nat'l Bank of Fort Scott,* 8 S.W.3d 893, 903 (Mo. Ct. App.2000)).

4

interpreted 'to provide for jurisdiction, within the specific categories enumerated in the statute, to the full extent permitted by the Due Process Clause.'" *State ex rel. Metal Serv. Ctr. of Ga., Inc. v. Gaertner,* 677 S.W.2d 325, 327 (Mo.1984) (*en banc*).

Under this analysis, and accepting as true the allegation in Long's complaint, IRS, Inc. -- by directing calls to Long in the State of Missouri -- "transacted business" in Missouri for purposes of the long-arm statute. In addition, because a violation of the FDCPA constitutes a breach of a legal duty, and debt collectors may be liable for damages and attorney fees, the acts alleged may be "torts committed in the State of Missouri" within the meaning of MO. REV. STAT. § 506.500.1(3). *See*, *e.g.*, 15 U.S .C. §§ 1692b–1692h (imposing a series of behavioral obligations on debt collectors); 15 U.S.C. § 1692k (damages and attorney fees). *Compare Vlasak v. Rapid Collection Sys., Inc.* 962 F.Supp. 1096, 1100 (N.D.Ill.1997) (finding single alleged violation of the FDCPA analogous to the commission of a tortious act under the Illinois long-arm statute); *Bailey v. Clegg, Brush & Assocs., Inc.,* 1991 WL 143461, op. at *2 (N.D.Ga.1991) (same under the Georgia long-arm statute).

The Court rejects the contention of IRS, Inc. that it is not subject to personal jurisdiction in the State of Missouri on the facts before the Court. With regard to IRS, Inc.'s arguments regarding improper venue and improper service, it offers no additional reason for questioning the validity of either. For much the same reason that personal jurisdiction exists, venue for this case is proper in the Western District of Missouri. Moreover, inasmuch as IRS, Inc. was a foreign corporation without a registered agent in Missouri, Long properly served the company pursuant to MO. REV. STAT. § 351.594(2).

Long has moved for entry of a default judgment against IRS, Inc. pursuant to FED. R. CIV. P. 55(a). That rule provides:

5

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

FED. R. CIV. P. 55(a). By the plain terms of the rule, then, IRS, Inc. is in default in this case. However, Rule 55 allows that "[t]he court may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). In this case, the Court believes that IRS, Inc. had a good faith belief that it was not subject to personal jurisdiction in this case. Although the Court rejects that legal argument, it will allow IRS, Inc. to avoid an entry of default judgment by filing an answer to Long's complaint. Accordingly, it is

**ORDERED** that Long's motion for entry of default judgment, filed May 11, 2012 [Doc 4] is **DENIED** and IRS, Inc. shall have twenty days from the date of this Order to file a response to Long's complaint. It is further

**ORDERED** that IRS, Inc.'s motion to dismiss for lack of jurisdiction, improper venue and invalid service, filed May 16, 2012 [Doc 5] is **DENIED**.

*/s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**